UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID H. DOTSON | CIVIL ACTION |
| VERSUS | NO. 17-14063 |
| JOHN PRICE and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and PROGRESSIVE INSURANCE COMPANY; and ATLANTIC SPECIALTY LINES, INCORPORATED | SECTION A(3) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by Plaintiff David H. Dotson ("Dotson"). Defendant Progressive Direct Insurance Company ("Progressive") opposes the motion. (Rec. Doc. 6). The motion, set for submission on January 24, 2018, is before the Court on the briefs without oral argument. Having considered the motion and memorandum of counsel, the record, and the applicable law, the Court finds that the Plaintiff's motion should be **DENIED** for the reasons set forth below.

### I. Background

On January 19, 2016, Plaintiff David H. Dotson ("Dotson") filed a Petition for Damages in the Civil District Court for Orleans Parish, Louisiana naming John Price ("Price") and State Farm Mutual Insurance Company ("State Farm") as Defendants. The Petition alleges that on or around January 19, 2015, Dotson was driving a tow truck owned by his employer, Pitt and Sons, headed eastbound on Interstate 10 in Orleans Parish when Defendant John Price, driving his Ford F-150 pickup truck, swerved into Dotson's lane and struck the front of Dotson's truck. In his Petition, Dotson alleges the accident caused him serious and debilitating personal injuries including injuries to his left shoulder and left rotator cuff, cervical, lumbar, and sacral spine,

radiating pain to the arms and legs, and aggravation of asymptomatic pre-existing injuries. (Rec. Doc. 1-4, p. 2). As a result, Dotson alleges to have incurred medical expenditures and other healthcare charges. *Id.*

According to Progressive's Opposition, Dotson entered into a settlement agreement with defendants Price and State Farm for $15,000 on August 24, 2017. Dotson then filed a motion to dismiss his claims with prejudice against Price and State Farm indicating that the parties had reached an amicable agreement as to Dotson's claims against Price and State Farm.

After dismissing Price and State Farm, Dotson took leave to file an Amended and Restated Petition on September 6, 2017 naming Progressive as an additional defendant. Dotson's Amended Petition brings suit against Progressive alleging that at the time of the accident Progressive was Dotson's personal uninsured/underinsured insurer. (Rec. Doc. 1-5, p. 3). Progressive was served with the Petition on October 2, 2017. Thereafter, Dotson filed a Second Amended and Restated Petition on November 3, 2017 naming Atlantic Specialty Insurance Company ("Atlantic Specialty") as an additional defendant. Dotson's Second Amended Petition against Atlantic Specialty alleges that at the time of the accident Atlantic Specialty also provided UM insurance to Dotson. (Rec. Doc. 1-7, p. 2).

In his Motion to Remand, Dotson contends that the amount in controversy is less than $75,000.00 because he can only recover up to the policy limits—$50,000—from Progressive under its UM policy. (Rec. Doc. 5-2, p. 1). On the other hand, Progressive points out that Dotson fails to mention that Atlantic Specialty is also a named defendant as an additional UM insurer. Progressive alleges that Atlantic Specialty provided an insurance policy to Dotson's employer, Pitt & Sons, which provides UM coverage subject to the policy provisions with policy limits of $100,000. (Rec. Doc. 6, p. 5). Progressive argues that by naming Atlantic Specialty as an

additional defendant, Dotson is seeking to recover in excess of his $50,000 Progressive policy limit. Because Atlantic Specialty provided UM insurance with a $100,000 policy limit, Progressive argues that the value of Dotson's claims unquestionably exceeds the amount in controversy as he is potentially able to recover under policies with a combined limit of $150,000. The Court discusses the parties' respective arguments below.

## II. Law and Analysis

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper federal district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

As the removing defendant, Progressive bears the burden of showing—by a preponderance of the evidence—that the amount in controversy in this matter exceeds $75,000.00. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (*citing* 28 U.S.C. § 1332).[1] Progressive may make this showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000.00, or (2) setting forth the facts in controversy—in the notice of removal or an affidavit—that support a finding of the requisite amount. *Id.*

The Court finds that Progressive has carried its burden of showing that the jurisdictional amount is met. First, Progressive has sufficiently set forth facts in the Notice of Removal that support a finding of the requisite amount in controversy. In its Notice of Removal, Progressive states that Dotson's counsel sent Progressive incomplete medical records and bills totaling

---

[1] The Court finds that the parties are completely diverse as required by 28 U.S.C. § 1332. Therefore, the sole issue before the Court is whether the amount in controversy exceeds $75,000.00. Any issue concerning the timeliness of Progressive's removal is moot. Dotson's failure to timely object to the timeliness of Progressive's Notice of Removal constitutes a waiver of objection.

3

$63,957.50 for Dotson's medical treatment allegedly caused by the accident. (Rec. Doc. 1, p. 5); (Rec. Doc. 1-9). Additionally, Progressive alleges that Dotson made at least seventeen additional visits to Tulane Hospital for which Dotson's counsel did not produce the medical bills.[2] Progressive argues that it appears the amount in controversy of Dotson's alleged medical expenses is likely far more than $63,957.50.

The Court agrees. Dotson's seventeen hospital visits in conjunction with a $63,957.50 bill for left shoulder treatment convince the Court that the amount in controversy is above $75,000.00. In addition to compensation for medical expenditures, Dotson also seeks monetary damages for pain and suffering, mental anguish, diminution of earning capacity, and loss of enjoyment of life. Recovery of these damages along with the medical bills disclosed by Dotson clearly show that the amount in controversy exceeds the required amount.

Nonetheless, Dotson argues that any award for damages is limited by the terms of Progressive's insurance policy. Because Progressive's policy only provides coverage up to $50,000, Dotson contends that the amount in controversy cannot exceed that amount, and therefore, the amount in controversy is not met. The Fifth Circuit has established that when a plaintiff seeks to recover payments under an insurance policy, the amount in controversy, for purposes of establishing diversity jurisdiction, is governed by the lesser of the value of the claim under the policy or the value of the policy limit. *Henderson v. Allstate Fire and Casualty Insurance Company*, 154 F. Supp. 3d 428, 432 (E.D. La. 2015) (*citing Hartford Ins. Grp. v. Lou–*

---

[2] *See* (Rec. Doc. 6, p. 4) (Progressive states, "The medical bills which Plaintiff's counsel sent totaled $63,957.50 and included diagnostics testing in the form of MRIs and x-rays, and treatment which included multiple injections and a left shoulder surgery. Rec. Doc. 1-9. . . . The records provided by Plaintiff to this Defendant referenced at least seventeen (17) additional hospital visits for which Plaintiff's medical bills were not provided. Thus, the total amount of medical bills is very likely greater than $63,957.50.").

4

*Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (noting that "when a claim exceeds the policy limits, the policy limits, rather than the larger value of the claim, determine the amount in controversy")).

Dotson argues that according to this rule, the jurisdictional amount is $50,000 because that amount is the liability limitation under Progressive's insurance policy. However, Dotson entirely ignores the policy provided by American Specialty, which provides a $100,000 policy limit. The Court has determined that Progressive sufficiently alleged the amount in controversy exceeds $75,000.00. The jurisdictional amount is not limited by Progressive's policy limit. If Dotson were only suing Progressive to recover the limits of the $50,000 policy, then the amount in controversy would undoubtedly be capped at $50,000. However, Dotson also seeks to recover against American Specialty. Because Dotson can seek upwards of $75,000.00 against American Specialty, the jurisdictional amount is not capped by Progressive's $50,000 policy limit.

### III. Conclusion

Progressive has succeeded in establishing a sufficient amount in controversy by a preponderance of the evidence. Additionally, the Court finds that the complete diversity requirement has been met. Accordingly, the Motion to Remand (Rec. Doc. 5) is denied.

Accordingly;

IT IS ORDERED that Plaintiff's **Motion to Remand** is **DENIED.**

February 23, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE