UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DAVID H. DOTSON, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 17-14063 |
| JOHN PRICE, ET AL., | SECTION: "E" (3) |
| Defendants | |

## ORDER AND REASONS

Before the Court is a motion in limine to exclude or limit testimony regarding Plaintiff's drug use, filed by Plaintiff David H. Dotson ("Dotson").[1] Defendant Atlantic Specialty Lines, Inc. ("Atlantic") opposes.[2] For the following reasons, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

This case arises out of a January 19, 2015 auto accident between Dotson and John Price.[3] Dotson seeks to recover damages resulting from personal injuries he alleges he sustained in the accident.

Dotson has a pending worker's compensation claim against his employer, Pitts & Sons, Inc.[4] Atlantic insures Pitts & Sons, Inc. As part of Dotson's worker's compensation claim, Atlantic retained David W. Aiken, Jr., M.D. to perform an independent medical examination ("IME") of Dotson, which occurred on May 12, 2015.[5] After the IME, Atlantic forwarded Dotson's pharmacological records to Dr. Aiken. Dr. Aiken, in three "supplemental medical record reviews" dated July 15, 2015, August 13, 2015, and August

---

[1] R. Doc. 58.
[2] R. Doc. 65.
[3] R. Doc. 1.
[4] R. Doc. 65 at 1 n.2.
[5] R. Doc. 58-2.

1

17, 2015, makes various references to Dotson's narcotics use.[6] Atlantic deposed Dr. Aiken on October 7, 2015, during which Dr. Aiken again referenced Dotson's use of narcotics.[7]

On January 19, 2016, Dotson filed the instant suit against John Price and State Farm Mutual Automobile Insurance Company.[8] Progressive Casualty Insurance Company ("Progressive"), Dotson's underinsured motorist insurer, was joined to the suit on September 6, 2017.[9] Atlantic was named as an additional Defendant on November 3, 2o17.[10] The only remaining Defendants are Atlantic and Progressive. Atlantic has named as expert witnesses Dr. Aiken and Michael J. McNulty, M.D., who performed an IME on Dotson on March 11, 2019.[11] In his IME report, Dr. McNulty references Dr. Aiken's mentions of Dotson's narcotic usage and also comments on Dotson's allegedly excessive usage.[12] Atlantic intends to elicit testimony from each doctor regarding "his physical examination of the Plaintiff, his review of Plaintiff's medical records and diagnostic imaging, and opinions as to the Plaintiff's injuries, medical causation, treatment, prognosis, and physical limitations, if any."[13]

Dotson filed the instant motion on April 15, 2019.[14] He argues Atlantic should be precluded from offering testimony regarding his narcotics use and pharmacological records under Rule 403 of the Federal Rules of Evidence.[15] Dotson concedes that counsel for Atlantic will be permitted to question Dotson regarding his narcotics use, but argues

---

[6] *Id.*
[7] R. Doc. 65-1.
[8] R. Doc. 1-4.
[9] R. Doc. 1-5.
[10] R. Doc. 1-7.
[11] R. Doc. 50.
[12] R. Doc. 58-3.
[13] R. Doc. 50.
[14] R. Doc. 58.
[15] R. Doc. 58-1.

2

Atlantic should be limited to questioning Dotson's treating physicians regarding their treatment decisions.[16] Atlantic opposes.[17]

## LAW AND ANALYSIS

Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[18] Dotson argues that the probative value of the testimony of Drs. Aiken and McNulty regarding his drug use, if any, is outweighed by the risk of unfair prejudice to him.[19]

In its opposition to the instant motion, Atlantic states the testimony of Drs. Aiken and McNulty is relevant to: (1) "whether the prescription narcotic pain medication that the Plaintiff has been taking for several years is an appropriate amount," and (2) whether the amount of narcotic that Dotson was taking before the accident differs from the amount he took after the accident.[20]

As to the first issue, the Court finds that Atlantic has not established the relevance of the "appropriateness" of Dotson's narcotics use to issues of fact in this case. Testimonial evidence regarding narcotics use or addiction to narcotics carries a high risk of prejudice to Plaintiff. The Court finds the risk of prejudice of introducing testimony of this nature outweighs any probative value such testimony may have.

---

[16] *Id.*
[17] R. Doc. 65.
[18] FED. R. EVID. 403.
[19] Plaintiff also argues that Drs. Aiken and McNulty are not qualified to offer such testimony under FED. R. EVID. 702. Since the Court finds Rule 403 sufficient to grant Plaintiff's motion, it does not reach this issue.
[20] R. Doc. 65.

As to whether the amount of narcotic medication Dotson was taking before and after the accident differs, the Court finds that such information may be relevant to the legal issue of causation because it relates to whether or not the accident caused Dotson's need for shoulder surgery. However, Plaintiff concedes Atlantic may question Dotson regarding his own drug usage. The Court also will allow Atlantic to question Plaintiff's treating physicians as to Dotson's drug usage, prescriptions, and pharmacological history.[21] Any additional testimony on these issues by Drs. Aiken and McNulty would be cumulative. To the extent such testimony would have some probative value, the Court, considering the risk of prejudice of introducing cumulative testimony with respect to narcotics use and addiction, finds its value is significantly outweighed by the risk of unfair prejudice to Plaintiff. As a result, the Court will exclude the testimony of Drs. Aiken and McNulty on these issues.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that motion in limine to exclude or limit testimony by Drs. Aiken and McNulty regarding Plaintiff's drug use, filed by Plaintiff David H. Dotson, be and hereby is **GRANTED**.[22]

**New Orleans, Louisiana, this 11th day of June, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[21] *See Thomas v. W & T Offshore, Inc.*, No. CV 16-14694, 2018 WL 4462242, at *5 (E.D. La. Sept. 18, 2018) (excluding testimony regarding the plaintiff's alleged drug abuse because, *inter alia*, "Defendant may question Plaintiff directly about his pharmacological records and past prescription history").
[22] R. Doc. 58.