# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID H. DOTSON,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-14063** |
| **JOHN PRICE, ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a motion in limine to limit testimony of Plaintiff's expert witness Gregory M. Stewart, M.D., filed by Defendant Atlantic Specialty Insurance Co. ("Atlantic").[1] Plaintiff opposes the motion as to Dr. Stewart's testimony regarding Plaintiff's physical and occupational limitations, but not as to Dr. Stewart's testimony regarding the labor market. For the following reasons, the Court **DENIES IN PART** Defendant's motion as to Dr. Stewart's testimony regarding Plaintiff's physical and occupational limitations, and **GRANTS IN PART** as unopposed Dr. Stewart's testimony regarding the labor market.

## BACKGROUND

This case arises out of a January 19, 2015 auto accident between Dotson and John Price.[2] Dotson seeks to recover damages resulting from personal injuries he alleges he sustained in the accident.

On January 19, 2016, Dotson filed the instant suit against John Price and State Farm Mutual Automobile Insurance Company.[3] Progressive Casualty Insurance Company, Dotson's underinsured motorist insurer, was joined to the suit on September

---

[1] R. Doc. 60.
[2] R. Doc. 1.
[3] *Id.*

1

6, 2017.[4] Atlantic was named as an additional Defendant on November 3, 2o17.[5] The only remaining Defendants are Atlantic and Progressive. Dotson has named as an expert witness Gregory M. Stewart, M.D.[6]

> In his witness list, Dotson states:
>
> Dr. Stewart is expected to testify as to his treatment and care of David Dotson, his original treatment of Mr. Dotson's left shoulder prior to the January 2015 motor vehicle accident, as well as his treatment of Mr. Dotson's left shoulder following the January 2015 motor vehicle accident and ensuing surgery, and the cause of his shoulder pain following the accident. Dr. Stewart may also be asked to opine as to the reasonableness of Mr. Dotson's actions in endeavoring to treat or monitor his ailments. Dr. Stewart may also be asked to opine as to whether or not David Dotson would have been able to return to his employment of any other work following the accident in 2015.[7]

Atlantic filed the instant motion on April 16, 2019.[8] Atlantic argues Dr. Stewart should be precluded from testifying regarding Dotson's ability to have returned to "any other work" following the accident and that Dr. Stewart's testimony should be limited to the field of medicine pursuant to Rule 702 of the Federal Rules of Evidence.[9] Plaintiff opposes the motion as to Dr. Stewart testifying regarding Plaintiff's physical and occupational limitations, but not as to Dr. Stewart testifying regarding the labor market.[10]

## **RULE 702 STANDARD**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

---

[4] *Id.*
[5] *Id.*
[6] R. Doc. 51.
[7] *Id.*
[8] R. Doc. 60.
[9] *Id.*
[10] R. Doc. 67.

(b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.[11]

The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[12] provides the analytical framework for determining whether expert testimony is admissible under Rule 702.

Under *Daubert*, courts, as "gatekeepers," are tasked with making a preliminary assessment of whether expert testimony is both relevant and reliable.[13] The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony is reliable and relevant.[14]

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[15] In *Daubert*, the Supreme Court enumerated several non-exclusive factors that courts may consider in evaluating the reliability of expert testimony.[16] "These factors are (1) whether the expert's theory can or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community."[17]

The Supreme Court has cautioned that the reliability analysis must remain flexible: the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on

---

[11] FED. R. EVID. 702.
[12] 509 U.S. 579 (1993).
[13] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert*, 509 U.S. at 592–93).
[14] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).
[15] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). *See also Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584–85 (5th Cir. 2003).
[16] *Daubert*, 509 U.S. at 592–96.
[17] *Bocanegra*, 320 F.3d at 584–85 (citing *Daubert*, 509 U.S. at 593–94).

the nature of the issue, the expert's particular expertise, and the subject of his testimony."[18] Thus, "not every *Daubert* factor will be applicable in every situation . . . and a court has discretion to consider other factors it deems relevant."[19] The district court is offered broad latitude in making expert testimony determinations.[20]

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility and should be left for the finder of fact.[21] "Unless wholly unreliable, the data on which the expert relies goes to the weight and not the admissibility of the expert opinion."[22] Thus, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[23] The Court is not concerned with whether the opinion is correct but whether the preponderance of the evidence establishes that the opinion is reliable.[24] "It is the role of the adversarial system, not the court, to highlight weak evidence."[25]

## **LAW AND ANALYSIS**

In his deposition, Dr. Stewart states that Dotson is unlikely to be pain free or able to perform sustained activities with either shoulder due to the pathology of his shoulders and the multiple shoulder surgeries he has undergone.[26] Specifically, Dr. Stewart opined that Dotson may be able to work in a call center, but that he would have difficulty "because

---

[18] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).
[19] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 326 (5th Cir. 2004).
[20] *See, e.g., Kumho Tire*, 526 U.S. at 151–53.
[21] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[22] *Rosiere v. Wood Towing, LLC*, No. 07-1265, 2009 WL 982659, at *1 (E.D. La. Apr. 8, 2009) (citing *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (emphasis added); *Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *6 (E.D. Pa. May 4, 2011).
[23] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).
[24] *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).
[25] *Primrose*, 382 F.3d at 562.
[26] R. Doc. 60-2.

of what he'd have to do with his shoulders and typing and those types of things."[27] He also opined that Dotson's limitations made him "unemployable."[28] Stewart further testified that while one might be able to "concoct a job" Dotson could perform, he did not believe that such jobs and employers existed.[29] Dr. Stewart then testified that while he would allow a vocational rehabilitationist to present job descriptions to Dotson, he would not defer to a these experts regarding Dotson's ability to perform jobs.

Atlantic argues that Dr. Stewart's testimony should be limited to the field of medicine, and that he should not be allowed to testify on matters typically reserved for vocational rehabilitationists, such as the availability of certain jobs in the market.[30]

Dr. Stewart is Dotson's treating physician and has personal knowledge of Plaintiff's medical condition and his physical limitations. As a result, the Court will allow Dr. Stewart to testify on matters related to his treatment of Dotson, including any physical limitations he believes Dotson has and Dotson's ability to perform certain tasks. Dr. Stewart will be allowed to give his opinion as to whether Dotson's physical condition and limitations would preclude him from performing the duties of certain occupations. Whether a patient can meet the physical demands of performing certain jobs, including driving a truck, is within the knowledge of a patient's treating physician.[31]

Treating physicians may not testify regarding issues not involved in their diagnosis and treatment unless they have produced a report detailing their findings that fall outside

---

[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] R. Doc. 60-1.
[31] *See Robert v. Conti Carriers & Terminals, Inc.,* 692 F.2d 22, 25–26 (5th Cir. 1982) (allowing orthopedists and an occupational therapist to testify regarding a plaintiff's future ability to work as a deckhand, marine shop operator, or construction worker; *see also Theriot v. Allstate Ins. Co.,* 625 So. 2d 1337, 1343 (La. 1993) (allowing medical doctors to testify about plaintiff's inability to work as a pilot, carpenter, or electrician).

the scope of their treatment.[32] Dr. Stewart has not produced such a report. As a result, he will not be allowed to testify on matters unrelated to his treatment of Dotson.

Dotson has acknowledged that Dr. Stewart is not a vocational rehabilitation expert and conceded that he may not testify on issues related to that field, such as the availability of jobs in the labor market.[33] Dr. Stewart will not be allowed testify there are no jobs Dotson could perform or that Dotson is unemployable.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that motion in limine to limit testimony of Dr. Stewart is **DENIED IN PART** as to Dr. Stewart offering testimony regarding Dotson's physical limitations and whether those limitations would preclude him from doing certain jobs, and **GRANTED IN PART** as unopposed as to Dr. Stewart offering testimony more appropriately given by a vocational rehabilitation expert.

**New Orleans, Louisiana, this 13th day of June, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[32] *See Mattingly v. Home Depot U.S.A., Inc.*, No. 1:08-CV-341, 2009 WL 10676568, at *4 (E.D. Tex. Oct. 20, 2009).
[33] R. Doc. 67.