UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DAVID H. DOTSON, Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-14063 |
| JOHN PRICE, ET AL., Defendants | SECTION: "E" (3) |

### ORDER AND REASONS

Before the Court are (1) a motion to introduce evidence of Plaintiff David H. Dotson's prior convictions, filed by Defendant Atlantic Specialty Insurance Co. ("Atlantic");[1] (2) a motion for the Court to take judicial notice of a statement made during the workers' compensation proceeding related to this matter, filed by Atlantic;[2] and (3) a motion to exclude evidence of Dotson's prior convictions, his workers' compensation claim, and his prior civil litigation, filed by Dotson.[3] The motions are opposed.[4] The Court rules on the motions as set forth herein.

### BACKGROUND

This case arises out of a January 19, 2015 auto accident between Dotson and John Price.[5] Dotson seeks to recover damages resulting from personal injuries he alleges he sustained in the accident. Dotson filed a workers' claim against his employer, Pitts & Sons, Inc., with the Louisiana Office of Workers' Compensation.[6]

---

[1] R. Doc. 87.
[2] R. Doc. 88.
[3] R. Doc. 92.
[4] R. Docs. 98–100.
[5] R. Doc. 1.
[6] Atlantic attaches the Reasons for Judgment as R. Doc. 88-2.

1

On January 19, 2016, Dotson filed the instant suit against John Price and State Farm Mutual Automobile Insurance Company.[7] Progressive Casualty Insurance Company, Dotson's underinsured motorist insurer, was joined to the suit on September 6, 2017.[8] Atlantic was named as an additional Defendant on November 3, 2017.[9] The only remaining Defendant is Atlantic.

On June 6, 2019, the parties filed the instant motions regarding the admissibility of evidence of Dotson's prior convictions and evidence related to his workers' compensation claim.[10] Dotson also moves to exclude evidence of his prior civil litigation.[11] The motions are opposed.[12] The Court first addresses the parties' arguments regarding evidence of Dotson's convictions, then turns to evidence related to his workers' compensation claim and evidence of Dotson's prior civil litigation.

## LAW AND ANALYSIS

### I. Evidence Regarding Dotson's Prior Convictions

Atlantic seeks to introduce evidence of (1) Dotson's 2012 conviction for theft and (2) his 2003 conviction for mail fraud and obstruction of justice.[13] Dotson seeks to exclude evidence of these convictions.[14]

#### A. Dotson's 2012 Conviction for Theft

On April 27, 2012, a jury in the Criminal District Court for the Parish of Orleans found Dotson guilty of theft, in violation of LA. REV. STAT. § 14:67(A).[15] On August 3, 2012,

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] R. Docs. 87, 88, 92.
[11] R. Doc. 92 at 10–11.
[12] R. Docs. 98–100.
[13] R. Doc. 87.
[14] R. Doc. 92.
[15] Atlantic attaches a certified copy of the conviction. R. Doc. 87-3.

Dotson was sentenced to two years at hard labor.[16] Atlantic argues evidence of Dotson's theft conviction should be admitted under Rule 609(a)(2) of the Federal Rules of Evidence.[17]

### 1. Rule 609(a)(2)

Rule 609(a)(2) which requires admission of evidence "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement."[18] Evidence of crimes under Rule 609(a)(2) is not subject to Rule 403 balancing. In the Fifth Circuit, felony theft is not a crime that requires proving a dishonest act or false statement.[19] As a result, Dotson's 2012 felony theft conviction is not admissible under Rule 609(a)(2).

Atlantic argues Rule 609(a)(2) applies because Dotson admitted in discovery that the charge was for contractor fraud.[20] Under the plain language of Rule 609(a)(2), evidence is only admissible if establishing the elements of the crime requires proving a dishonest act or false statement. Dotson's admissions in written discovery are irrelevant to the issue of whether the elements of felony theft require proving a dishonest act or false statement.

### 2. Rule 609(a)(1)

The Court turns to Rule 609(a)(1), which governs the admissibility of convictions for impeachment generally. Rule 609(a)(1)(A) of the Federal Rules of Evidence provides:

> [F]or a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence must be admitted, subject to Rule 403, in a

---

[16] *Id.*
[17] R. Doc. 87-1 at 9.
[18] FED. R. EVID. 609(a)(2).
[19] *See Coursey v. Broadhurst*, 888 F.2d 338, 342 (5th Cir. 1989).
[20] R. Doc. 87-1 at 9.

3

civil case or in a criminal case in which the witness is not a defendant.[21]

At the time of Dotson's conviction, the statute under which he was convicted for theft provided, "When the misappropriation or taking amounts to a value of five hundred dollars or more, but less than a value of one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years."[22] Because the crime was punishable by imprisonment of more than one year, it must be admitted, subject to Rule 403.

Rule 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[23] The Court finds evidence of Dotson's 2012 conviction for felony theft is not probative of his character for truthfulness, and there is a substantial risk of unfair prejudice to Dotson from the introduction of evidence regarding his conviction. As a result, the Court excludes evidence of Dotson's 2012 conviction for theft.

**B.     Dotson's 2003 Conviction for Mail Fraud and Obstruction of Justice**

Rule 609(b) provides:

> [I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[, e]vidence of the conviction is admissible only if:
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.[24]

---

[21] FED. R. EVID. 609(a)(1)(A).
[22] LA. REV. STAT. § 14:67(A) (2010), *amended by* 2014 La. Acts No. 255 § 1.
[23] FED. R. EVID. 403.
[24] FED. R. EVID. 609(b).

4

On September 16, 2003, a jury in another section of this Court found Dotson guilty of eighteen counts of mail fraud and two counts of obstruction of justice.[25] On January 21, 2004, he was sentenced to twenty-one months' imprisonment for each count, to be served concurrently.[26]

Atlantic seeks to introduce this evidence at trial.[27] Atlantic has provided Dotson "reasonable written notice" in accordance with Rule 609(b)(2).[28] The Court turns to whether the probative value of evidence of Dotson's convictions for mail fraud and obstruction of justice substantially outweighs its prejudicial effect.

When considering whether the probative value of a prior conviction substantially outweighs its prejudicial effect pursuant to Rule 609(b), courts consider five factors:

> (1) The nature impeachment value of the crime.
> (2) The time of conviction.
> (3) The similarity between the past crime and the charged crime.
> (4) The importance of [the witness'] testimony.
> (5) The centrality of the credibility testimony.[29]

"[T]he general rule is inadmissibility" for crimes committed ten years prior to trial,[30] and these convictions are "presumptively inadmissible as impeachment evidence."[31] The balance is "weighted against finding that the probative value of a more than 10-year-old

---

[25] R. Doc. 42, *United States v. Dotson*, 02-CR-362 (E.D. La. Sept. 16, 2003).
[26] R. Doc. 68, *United States v. Dotson*, 02-CR-362 (E.D. La. Jan. 21, 2004).
[27] R. Doc. 87.
[28] R. Doc. 87-6. Counsel for Defendant notified counsel for Plaintiff of its intent to file a motion to introduce evidence of Plaintiff's prior convictions pursuant to Rule 609(b) via email on May 20, 2019.
[29] *United States v. Acosta*, 763 F.2d 671, 695 n.30 (5th Cir. 1985) (citation omitted) (internal brackets omitted).
[30] *United States v. Hamilton,* 48 F.3d 149, 154 (5th Cir. 1995) (quoting *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993)).
[31] *United States v. Privett*, 68 F.3d 101 (5th Cir. 1995).

conviction substantially outweighs its prejudicial effect."[32] The Court analyzes each factor with respect to Dotson's convictions for mail fraud and obstruction of justice.

With respect to the first factor, the Fifth Circuit has held that "prior crimes involving deliberate and carefully premeditated intent such as fraud and forgery are far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent," and that "such crimes are more probative on the issue of propensity to lie under oath than more violent crimes which do not involve dishonesty."[33]

Dotson was convicted of mail fraud under 18 U.S.C. § 1341. To be convicted under the statute a defendant must meet the *mens rea* requirement for fraudulent intent that he:

> ha[s] devised or intend[ed] to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do.[34]

The Court finds Dotson's mail fraud conviction is highly probative on the issue of Dotson's character for truthfulness and therefore has significant impeachment value. The first factor weighs in favor of admitting evidence regarding Dotson's mail fraud conviction.

The Court turns to the first factor in connection with Dotson's conviction for obstruction of justice. Dotson was convicted under 18 U.S.C. § 1503, which requires a

---

[32] *United States v. Cohen*, 544 F.2d 781, 785 (5th Cir. 1977) (quoting *United States v. San Martin*, 505 F.2d 918, 923 (5th Cir. 1974)).
[33] *Id.*
[34] 18 U.S.C. § 1341.

6

showing that he acted "corruptly, or by threats or force, or by any threatening letter or communication."[35] This offense does not require a "deliberate and carefully premeditated intent,"[36] and it is not probative as to Dotson's character for truthfulness. The Court finds the first factor weighs against admitting evidence of Dotson's obstruction of justice conviction.

As to the second factor, the Fifth Circuit views with disfavor the admission of evidence of convictions that are more than ten years old. Dotson's convictions for mail fraud and obstruction of justice are nearly 16 years old. The Court finds this factor weighs against admission for both convictions.

The third factor, similarity between the past crime and the charged crime, is not applicable here because Dotson has not been charged with a crime.[37]

The Court turns to the fourth and fifth factors, the importance of the witness's testimony and the centrality of the credibility testimony, in connection with Dotson's mail fraud conviction. "When the crux of the case is a credibility issue, . . . evidence of prior convictions takes on 'special significance.'"[38] The primary issue in this case is causation—whether the auto accident exacerbated Dotson's pre-existing injuries. In his deposition, Dotson's treating physician Dr. Stewart testified that, comparing MRIs of Dotson's shoulder before and after the accident, "the MRI may have looked unchanged but the—the symptoms were changed."[39] He stated that his knowledge of the "symptoms" was what

---

[35] 18 U.S.C. § 1503.
[36] *Cohen*, 544 F.2d at 785.
[37] *Thomas v. Chambers*, No. CV 18-4373, 2019 WL 1989236, at *9 (E.D. La. May 6, 2019) ("The third factor is not applicable here, because Chambers is not a criminal defendant charged with a crime.") (citing *United States v. Bates*, No. 13-66, 2015 WL 3466188, at *2 (E.D. La. June 1, 2015)).
[38] *Id.* (citing *United States v. Pritchard*, 973 F. 2d 905, 909 (11th Cir. 1992); *United States v. Brown*, 603 F. 2d 1022 (1st Cir. 1979)).
[39] R. Doc. 87-7 at 34.

Dotson himself reported.[40] Dotson's credibility is particularly important to the jury's determination of causation in this case. The fourth and fifth factors weigh in favor of admitting evidence of Dotson's convictions for mail fraud and obstruction of justice.

As to Dotson's mail fraud conviction, the first, fourth, and fifth factors weigh in favor of admission. The Court finds the probative value of Dotson's conviction substantially outweighs its prejudicial effect. Evidence of Dotson's mail fraud conviction is admissible.

As to Dotson's conviction for obstruction of justice, the first and second factors weight against admission, while the fourth and fifth factors weigh in favor of admission. In light of the Fifth Circuit's admonition that convictions from more than ten years prior to trial are "presumptively inadmissible as impeachment evidence,"[41] the Court will not admit evidence of Dotson's conviction for two counts of obstruction of justice.

The Court cautions that, although Atlantic will be permitted to introduce evidence of Dotson's 2003 mail fraud conviction, Atlantic will be permitted only to establish "'the nature' of the crime charged, the date and time of conviction, and the punishment [Dotson] received."[42] The "nature" of the crime means "how the offense is described in the [j]udgment."[43] In this case, Atlantic will be permitted to ask Dotson (1) whether he was convicted of eighteen counts of mail fraud, (1) the date and time of his conviction, and (3) the punishment he received. Atlantic will not be permitted to ask additional questions about the conviction.

---

[40] *Id.*
[41] *Privett*, 68 F.3d at 101.
[42] *Thomas*, 2019 WL 1989236, at *10.
[43] *Id.*

8

**II. Admissibility of Evidence of Dotson's Workers' Compensation Claim**

Dotson's workers' compensation case proceeded to trial before an administrative law judge on October 26, 2015.[44] The judge found Dotson had "a pre-existing symptomatic left shoulder condition for years prior to the subject accident," and the accident did not aggravate that condition.[45]

Dotson seeks to exclude all evidence pertaining to his workers' compensation claim.[46] Atlantic opposes Dotson's motion[47] and specifically moves the Court to take judicial notice of a statement made by the administrative law judge in the workers' compensation case.[48] The Court addresses the admissibility of evidence of the workers' compensation claim generally, then turns to the administrative law judge's statement.

    **A.    Evidence of Claim Generally**

Dotson argues, *inter alia*, that evidence of Dotson's workers' compensation claim should be excluded because it is irrelevant, and under Rule 403 any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion, of the issues, and misleading the jury. Atlantic responds that the motion should be denied as "premature" because the Court "should make determinations of admissibility as exhibits, or testimony, are offered."[49]

Atlantic fails to clarify how evidence of Dotson's workers' compensation claim is relevant to any issue in this case. Courts have excluded evidence of workers' compensation claims on Rule 403 grounds in cases in which the evidence is not relevant to any issue in

---

[44] R. Doc. 88-2.
[45] *Id.*
[46] R. Doc. 92.
[47] R. Doc. 98.
[48] R. Doc. 88.
[49] R. Doc. 98 at 4.

9

the case.⁵⁰ The Court finds that, to the extent evidence of Dotson's workers' compensation claim is relevant to the factual issues in this case, admission of the evidence would risk confusing the jury and would be unfairly prejudicial to Dotson. As a result, the Court excludes evidence of Dotson's workers' compensation claim.

### B. Administrative Law Judge's Statement

In the reasons for judgment in the workers' compensation case, the administrative law judge stated, "Plaintiff has shown himself in this matter to be someone who cannot be trusted to tell the truth."⁵¹ Atlantic moves this Court, pursuant to Rule 201 of the Federal Rules of Evidence, to take judicial notice of this finding.⁵² Rule 201 provides:

> The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.⁵³

"The court must take judicial notice if a party requests it and the court is supplied with the necessary information."⁵⁴

---

⁵⁰ *See, e.g.*, *Ford v. J.B. Hunt Transp., Inc.*, No. CV 12-414-RLB, 2014 WL 12662331, at *3 (M.D. La. July 15, 2014) (Bourgeois, M.J.) ("To prevent confusion to the jury with regard to calculating other recoverable damages, and to avoid potential unfair prejudice to Plaintiff, all references to Plaintiff's entitlement to and recovery of workers' compensation benefits from his employer shall be excluded."); *Arauio v. Treasure Chest Casino*, No. CIV A. 97-3043, 1999 WL 219771, at *3 (E.D. La. Apr. 14, 1999) (Clement, J.) ("This Court concludes that evidence of workers' compensation benefits paid in connection with [a prior] accident would be irrelevant and unduly prejudicial, misleading, and confusing . . . [and] directs the parties to focus on whether and to what degree [the plaintiff] sustained injuries in [the accident at issue]."); *cf. Phillips v. W. Co. of N. Am.*, 953 F.2d 923, 930 (5th Cir. 1992) (excluding evidence of workers' compensation claim because it was irrelevant and because admission would violate the collateral source rule when workers' compensation benefits were paid).

The Court also notes that, although Louisiana law does not apply here, LA. CODE EVID. art. 414 makes inadmissible to a jury "[e]vidence of the nature and extent of a workers' compensation claim or of payment of past or future workers' compensation benefits."
⁵¹ R. Doc. 88-2 at 6.
⁵² R. Doc. 88.
⁵³ FED. R. EVID. 201(b).
⁵⁴ FED. R. EVID. 201(c)(2).

In *Taylor v. Charter Med. Corp.*, the Fifth Circuit explained:

> [A] court cannot take judicial notice of the factual findings of another court. This is so because (1) such findings do not constitute facts not subject to reasonable dispute within the meaning of Rule 201; and (2) were it permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous.[55]

This Court cannot take judicial notice of the administrative law judge's findings.

Atlantic further contends the evidence is admissible under Rule 608(a), which provides:

> A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.[56]

The administrative law judge's opinions concerning Plaintiff's truthfulness are not "testimony."[57] The administrative law judge is not subject to cross-examination about his statement at trial. As a result, the Court does not take judicial notice of the administrative law judge's statements as to Dotson's truthfulness. Nor will the Court admit the statement under Rule 608. Atlantic's motion to admit evidence of the statement is denied.

### III. Evidence Regarding Dotson's Prior Civil Litigation

Dotson moves to exclude evidence of his prior civil litigation.[58] He argues the "bulk" of his prior litigation is related to his career as a police officer.[59] He also argues

---

[55] 162 F.3d 827, 830 (5th Cir. 1998) (internal citations, quotation marks, and brackets omitted).
[56] FED. R. EVID. 608(a).
[57] Black's Law Dictionary defines "testimony" as "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition." *Testimony*, BLACK'S LAW DICTIONARY (10th ed. 2014).
[58] R. Doc. 92-1 at 10–11.
[59] *Id.*

Atlantic should not be permitted to present evidence of Dotson's prior personal injury claims to show he had pre-existing injuries, noting that information about his other injuries is in his medical records.[60]

In response, Atlantic argues excluding evidence of Dotson's past litigation is premature.[61] Atlantic states it "does not intend to offer or introduce any evidence of Plaintiff's' prior civil litigation other than the workers' compensation matter," but appears to argue evidence of Dotson's prior litigation could be relevant because Dotson's prior accidents are relevant.[62]

Atlantic has failed to show the relevance of any civil litigation other than the workers' compensation claim, which the Court has excluded. The Court grants Dotson's motion to exclude evidence of his prior civil litigation.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to introduce evidence of Plaintiff David H. Dotson's prior convictions, filed by Defendant Atlantic Specialty Insurance Co., be and hereby is **GRANTED** as to Plaintiff's 2003 conviction for mail fraud and **DENIED** as to Plaintiff's 2003 conviction for obstruction of justice and his 2012 conviction for felony theft.[63]

**IT IS FURTHER ORDERED** that the motion for the Court to take judicial notice of a statement made during the workers' compensation proceeding related to this matter, filed by Atlantic Defendant Atlantic Specialty Insurance Co., be and hereby is **DENIED**.[64]

---

[60] *Id.*
[61] R. Doc. 98 at 3.
[62] *Id.*
[63] R. Doc. 87.
[64] R. Doc. 88.

12

**IT IS FURTHER ORDERED** that the motion to exclude evidence of Plaintiff's prior convictions and his workers' compensation claim, filed by Plaintiff David H. Dotson, be and hereby is:

- **GRANTED** as to Plaintiff's 2003 conviction for obstruction of justice and his 2012 conviction for felony theft;
- **DENIED** as to Plaintiff's 2003 conviction for mail fraud;
- **GRANTED** as to evidence of Plaintiff's workers' compensation claim; and
- **GRANTED** as to evidence of Plaintiff's prior civil litigation.[65]

**IT IS FURTHER ORDERED** that the requests for oral argument in connection with the motions in limine, filed by Defendant Atlantic Specialty Insurance Co., be and hereby are **DENIED AS MOOT**.[66]

**New Orleans, Louisiana, this 3rd day of July, 2019.**

*(signed)* Susie Morgan
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[65] R. Doc. 92.
[66] R. Docs. 89, 90.