UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DAVID H. DOTSON, <br> Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-14063 |
| JOHN PRICE, ET AL., <br> Defendants | SECTION: "E" (3) |

### ORDER AND REASONS

Before the Court is a motion for partial summary judgment, filed by Defendant Atlantic Specialty Insurance Co. ("Atlantic").[1] Plaintiff David H. Dotson opposes.[2] For the following reasons, the Court **DENIES** Atlantic's motion for partial summary judgment.

### BACKGROUND

This case arises out of a January 19, 2015 auto accident between Dotson and John Price.[3] On January 19, 2016, Dotson filed the instant automobile accident personal injury suit against Price and State Farm Mutual Automobile Insurance Company.[4] Progressive Casualty Insurance Company, Dotson's underinsured motorist insurer, was joined to the suit on September 6, 2017.[5] Atlantic was named as an additional Defendant on November 3, 2017.[6] The case was removed to this Court on December 1, 2017.[7] The only remaining Defendant is Atlantic.

---

[1] R. Doc. 59.
[2] R. Doc. 68.
[3] R. Doc. 1.
[4] R. Doc. 1-4.
[5] R. Doc. 1-5.
[6] R. Doc. 1-7.
[7] R. Doc. 1.

1

On April 16, 2019, Atlantic filed the instant motion for partial summary judgment on the issue of causation.[8] Atlantic argues it is entitled to judgment as a matter of law that the following were not caused by the auto accident: (1) Dotson's left shoulder injury and need for surgery, (2) Dotson's right shoulder injury and need for surgery, and (3) Dotson's need for future surgeries.[9] Dotson opposes.[10]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "An issue is material if its resolution could affect the outcome of the action."[12] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[13] All reasonable inferences are drawn in favor of the nonmoving party.[14] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[15]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would

---

[8] R. Doc. 59.
[9] *Id.*
[10] R. Doc. 68.
[11] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[12] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[14] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[15] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[16] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[17]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[18] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[19] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the

---

[16] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[17] *Celotex*, 477 U.S. at 322–24.
[18] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[19] *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[20] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[21] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[22] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[23]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[24]

---

[20] *Celotex*, 477 U.S. at 332–33.
[21] *Id.*
[22] *Id.* at 332–33, 333 n.3.
[23] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[24] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 (5th Cir. 1992)).

**ANALYSIS**

Under Louisiana law, a plaintiff in a personal injury lawsuit must prove by a preponderance of the evidence the causal relationship between the injury sustained and the accident which caused the injury.[25] To demonstrate the causal relationship between the accident and the subsequent injury, a plaintiff must prove through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident.[26]

Atlantic asserts there is no genuine issue of material fact that the accident did not cause Dotson's injuries to his right or left shoulder or cause Dotson to need past or future surgeries.[27] Atlantic relies heavily on the deposition testimony of various physicians who treated Dotson. Atlantic cites the following testimony:

- Dr. Mordecai Potash, who treated Dotson for pain, testified he cannot relate any conditions for which he has treated Dotson to the accident.[28]

- Dr. Felix Savoie, Dotson's orthopedic surgeon, testified, "causality for that left shoulder is impossible to determine."[29]

- Dr. David W. Aiken, Jr., who performed an independent medical examination on Dotson, testified that (1) the "shoulder surgery is also patient driven and not physician" driven, (2) the MRI before and after the accident are "exactly the same,"

---

[25] *Maranto v. Goodyear Tire & Rubber Co.,* 94-2603 (La. 2/20/95); 650 So. 2d 757, 759.
[26] *Id.*
[27] R. Doc. 59.
[28] R. Doc. 59-4 at 36–37.
[29] R. Doc. 59-8 at 32.

5

and (3) there is "nothing to indicate that Dotson had an aggravation of his left shoulder complaints" on the date of the accident."[30]

Atlantic characterizes the testimony of Dr. Gregory Stewart, Dotson's treating physician, as "equivocal."[31] Atlantic states, "Dr. Stewart could only testify that the 'timing of the need [for surgery] changed.'"[32]

The deposition testimony Atlantic quotes does not provide the complete picture regarding the experts' opinions on causation and does not demonstrate there is no disputed issue of material fact. Dotson cites Dr. Savoie's testimony that "the accident may well have produced a . . . subscapularis rupture."[33] Dr. Stewart testified he believed Dotson "needed the surgery that he obtained on February 15, 2017 with his left shoulder" because of the accident.[34] He testified that the reason he believed the accident caused the need for surgery was because there was a "significant change" in Dotson's symptoms, which "had worsened."[35] Genuine issues of disputed fact exist with respect to medical causation. Dotson is entitled to question the doctors about the basis for their opinions.

Moreover, expert opinions are not facts. In *Sartor v. Arkansas Natural Gas Corp.*, the United States Supreme Court upheld the denial of a summary judgment motion when the evidence before the district court consisted solely of expert opinions, much as in this case.[36] The Supreme Court emphasized that "opinions, even if entitled to some weight,

---

[30] R. Doc. 59-7 at 32, 35.
[31] R. Doc. 59-1 at 9.
[32] *Id.* (quoting R. Doc. 59-6 at 60).
[33] R. Doc. 68-2 at 40–42.
[34] *Id.* at 10.
[35] *Id.* at 15.
[36] 321 U.S. 620, 627–28 (1944).

6

have no such conclusive force that there is error of law in refusing to follow them."[37] Rather, "it is for the jury to decide whether any, and if any what, weight is to be given to the testimony."[38] The Louisiana Supreme Court also has stated, "causation is an issue of fact that is generally decided at the trial on the merits." [39] Similarly, another section of this Court has concluded that, even when the parties stipulate the defendant is liable, "causation is a determination pregnant with factual questions."[40]

Genuine issues of material fact on medical causation preclude summary judgment. The issue of medical causation with respect to Dotson's shoulder injuries and his need for surgery will be put to the jury.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion for partial summary judgment, filed by Defendant Atlantic Specialty Insurance Co., be and hereby is **DENIED**.[41]

**New Orleans, Louisiana, this 3rd day of July, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[37] *Id.* at 628.
[38] *Id.* at 627.
[39] *Estate of Adams v. Home Health Care of La.*, 00-2492, p. 1 (La. 12/15/2000); 775 So.2d 1064, 1064.
[40] *Miller v. Mr. B's Bistro*, No. 04-3271, 2005 WL 2036780, at *3 (E.D. La. Aug. 3, 2005); *see also Berry v. Roberson*, No. 13-145, 2014 WL 4373265 (E.D. La. Sept. 3, 2014).
[41] R. Doc. 56.